MICHAEL KANE *vs.* THE NEW YORK AND NEW ENGLAND
RAILROAD COMPANY.

The act of 1873 required railroad companies to make fences along their
roads when ordered by the railroad commissioners. The commissioners
under it made an order that the defendant railroad company should make
a fence. The act was repealed in 1874, and was re-enacted in 1875.
Held that the duty of the defendants to make the fence under the order
of the commissioners terminated with the repeal of the act in 1874, and
was not revived with the re-enactment of the act in 1875.

TRESPASS ON THE CASE for the negligent killing of a
mule by the locomotive of the defendants; brought to the
Court of Common Pleas of Hartford County, and tried
before *Calhoun, J.* Facts found and judgment rendered
for the defendants. Motion in error by the plaintiff. The
case is fully stated in the opinion.

*L. E. Stanton*, for the plaintiff.

*G. W. Phillips*, for the defendants.

PARDEE, J. On October 10th, 1879, a mule belonging
to the plaintiff escaped from his premises without his fault
or neglect, and there being no fence between, ran upon the
adjoining premises of the defendant, and was killed by its
locomotive without its fault or negligence. He instituted
a suit for damages in the Court of Common Pleas for
Hartford County, and upon the trial claimed that at the
time named the defendant was under obligation to fence its
track by virtue of an order of the railroad commissioners
made on the 28th day of March, 1874, under a statute
passed in 1873; and that by reason of its neglect to comply
with that order it was liable in damages to him. But the
court held that the defendant was not then under any obli-
gation to fence its track and rendered judgment for it.
The plaintiff filed a motion in error.

By chapter 69, page 161, of the session laws of 1873, it

was made the duty of every railroad company to erect and maintain a fence on both sides of its railroad, wherever the railroad commissioners should adjudge it to be necessary; and whenever they determined that such necessity existed they were to issue a written order to the secretary of any railroad company, directing it when and where to erect a fence; and this order was to be served upon such secretary by leaving an attested copy with him or at his usual place of abode. On March 28th, 1874, the commissioners signed an order to the trustees of the holders of the mortgage bonds of the defendant, requiring them to fence the railroad. A copy of this order was served upon J. M. Belden, but he was not at the time of such service secretary of the trustees, and there was no proof that he was secretary of the defendant.

But, beyond this, the act of 1873 was repealed on July 25th, 1874. With this repeal there ceased to be upon the defendant any obligation to fence its railroad. The determination and order of the commissioners did not constitute a judgment against the defendant in favor of the plaintiff of perpetual force; did not vest in him any right to compel it to maintain a fence through all time; the whole matter remained within legislative power; the order reached no further into the future than the statute under which it came into existence; and if the defendant had erected a fence in compliance therewith, it had the right to take it down upon the removal of all obligation to fence.

In 1875 the legislature passed an act (Session Laws of 1875, chap. 94, page 56,) which is substantially in the terms of that of 1873. The effect of this last is to establish a different rule for determining the duty of railroad companies in the matter of erecting fences from that previously in existence; of course the last in point of time displaces all different and consequently inconsistent ones. But the enactment of a law in terms identical with those of the law under which the order was made could not revive the obligation of the defendant to fence under that order. In this respect it stood as if no duty to fence had previously

existed; and that duty could only come into existence by the combined force of the law of 1875 and of an order under and in accordance with it.

There is no error in the judgment complained of.

In this opinion the other judges concurred.